UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REAL PARTY OF INTEREST PEOPLE
OF MOORISH NATIONAL REPUBLIC
OF PEACE, EX REL: CHARLES
EDWARDS GADSON JR, ETC.,

    Plaintiff,

v.                                              CASE NO. 3:21-cv-232-TJC-JBT

STATE OF FLORIDA INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on *pro se* Plaintiff's In Forma Pauperis Affidavit, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED**.

In its prior Order (Doc. 3), the Court took the Motion under advisement and stated that Plaintiff's Complaint (Doc. 1), even liberally construed, was deficient in

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

numerous respects. Plaintiff, identified as the "People of Moorish National Republic of Peace," appears to allege that Charles Gadson, an apparent non-party to this action, is currently being held as a "prisoner of war" by the Jacksonville Sheriff's Office following his arrest. (*Id.* at 1–2.) The Court noted that "[l]iberally construing the Complaint, it appears that Plaintiff is claiming that the state court does not have jurisdiction over Mr. Gadson because of his status as a 'Moorish American National.'" (Doc. 3 at 4.) However, "[t]he law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Smith ex rel. Bey v. Kelly*, Case No. 12-cv-2319 JS AKT, 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012). Additionally, the Court recognized that "to the extent Plaintiff is attempting to bring this action on behalf of Mr. Gadson, it likely lacks standing to do so." (Doc. 3 at 5.)

Therefore, Plaintiff was ordered to "file an amended complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) in compliance with [the prior] Order" on or before April 28, 2021. (*Id.* at 6.) Plaintiff was cautioned that if it "fails to do so, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this action." (*Id.*) To date, Plaintiff has not filed an amended complaint or taken any other action regarding this case. For this reason, and the reasons stated in the prior Order, the undersigned recommends that this case be dismissed for Plaintiff's failure to state a claim on which relief may be granted and failure to prosecute.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** in Jacksonville, Florida, on May 17, 2021.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
Chief United States District Judge

*Pro se* Plaintiff